```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION

IN RE MENTOR CORP. OBTAPE       *    MDL Docket No. 2004
                                     4:08-MD-2004 (CDL)
TRANSOBTURATOR SLING PRODUCTS   *
                                     Case No.
LIABILITY LITIGATION            *    4:13-cv-360 (S. HERNDON)
```

O R D E R

Defendant Mentor Worldwide LLC developed a suburethral sling product called ObTape Transobturator Tape, which was used to treat women with stress urinary incontinence. Plaintiff Susan Herndon was implanted with ObTape and asserts that she suffered injuries caused by ObTape. Herndon brought this product liability action against Mentor, contending that ObTape had design and/or manufacturing defects that proximately caused her injuries. Herndon also asserts that Mentor did not adequately warn her physicians about the risks associated with ObTape. Mentor seeks summary judgment on some of Herndon's claims. For the reasons set forth below, Mentor's Motion for Partial Summary Judgment (ECF No. 26 in 4:13-cv-360) is granted.

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of

*material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

FACTUAL BACKGROUND

Viewed in the light most favorable to Herndon, the record reveals the following.  Herndon lived in North Carolina during the timeframe relevant to this action, and all relevant medical treatment occurred in North Carolina.  In 2005, Herndon visited Dr. Laura Lowder for treatment of stress urinary incontinence.  Dr. Lowder implanted Herndon with ObTape on March 1, 2005.

In May 2012, Herndon saw Dr. Kelly Shaffer for recurrent stress urinary incontinence, dyspareunia, and other problems.  Dr. Shaffer placed another sling to treat Herndon's stress urinary incontinence, but she did not remove the ObTape.  Herndon contends that she suffered injuries due to the ObTape.

Herndon filed her Complaint on July 11, 2013.  *See generally* Compl., ECF No. 1 in 4:13-cv-360.  Herndon brought claims for personal injury under the following theories: strict liability design defect, negligence, breach of warranty, and

strict liability failure to warn. Mentor contends that it is entitled to summary judgment on Herndon's manufacturing defect and breach of warranty claims. Herndon does not contest summary judgment on her manufacturing defect claims, so summary judgment is granted on those claims. The only remaining question is whether her breach of warranty claim survives summary judgment.

DISCUSSION

Herndon filed this action in the United States District Court for the District of Minnesota. *See generally* Compl., ECF No. 1 in 4:13-cv-360. The action was later transferred to this Court as part of a multidistrict litigation proceeding regarding ObTape. The parties agree for purposes of summary judgment that Minnesota law applies to Herndon's claims. *See In re Mentor Corp. ObTape Transobturator Sling Prods. Liab. Litig.*, No. 4:08-md-2004, 2013 WL 286276, at *7 (concluding that Minnesota law applied to claims of non-Minnesota ObTape plaintiffs who brought their actions in Minnesota).

Mentor argues that it is entitled to summary judgment on Herndon's breach of warranty claim because Herndon did not point to any evidence that any breach of warranty by Mentor caused Herndon's injuries. Herndon did not respond to Mentor's summary judgment on this point. "To establish a warranty claim the plaintiff must basically prove: the existence of a warranty, a breach, and a causal link between the breach and the alleged

harm." *Daigle v. Ford Motor Co.*, 713 F. Supp. 2d 822, 825 (D. Minn. 2010) (quoting *Peterson v. Bendix Home Sys., Inc.*, 318 N.W.2d 50, 52-3 (Minn. 1982)).  Herndon did not point to any evidence that Mentor made warranties directly to Herndon.  She also did not point to any evidence of a causal link between any representation Mentor made to Dr. Lowder and the alleged harm to Herndon.  Finally, Herndon did not point the Court to any authority that her breach of warranty claim may survive in the absence of such evidence.  The Court thus concludes that Mentor is entitled to summary judgment on Herndon's breach of warranty claim.

CONCLUSION

As discussed above, Mentor's Motion for Partial Summary Judgment (ECF No. 26 in 4:13-cv-360) is granted.  Mentor did not seek summary judgment on Herndon's negligence, strict liability design defect, and strict liability failure to warn claims; those claims remain pending for trial.

Within seven days of the date of this Order, the parties shall notify the Court whether the parties agree to a *Lexecon* waiver.

IT IS SO ORDERED, this 20th day of October, 2015.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA